WRIGHT (POTTER v.). See Case No. 11,-343.

WRIGHT (RICKETSON v.). See Case No. 11,805.

## Case No. 18,090.
### WRIGHT v. ROGERS.
[3 McLean, 229.] [1]

Circuit Court, D. Ohio. July Term, 1843.

BANKRUPT AS WITNESS — COMPETENCY — SET OFF.

1. A set off must be in the same right.

2. A witness may be competent to prove some facts, and incompetent to prove others.

3. The bankrupt is a competent witness where his assignee is a party, as he can have no legal interest in the decision of the case.

Mr. Wright, for plaintiff.
Mr. Jones, for defendant.

McLEAN, Circuit Justice. This action is brought by an assignee in bankruptcy, to recover a sum admitted to be due. Foster & Brothers having been once in business, and the defendant having an account against them exceeding one hundred dollars, the defendant offered to prove it, as a set off. But the court held that it could not be so received, as it was not a debt in the same right. That it might be received if Foster the plaintiff had expressly assumed to pay it; but no such evidence being offered, the account was rejected. Charles Foster, a brother of the bankrupt, who formerly was a partner in the house of Foster & Brothers, was offered as a witness. He was objected to, on the ground of interest. The court held that he was a competent witness generally; that he would not be permitted to speak of facts, in which his own interests were involved. William R. Foster, the bankrupt, was admitted as a witness, though objected to. He has no interest in this suit, as his liability can neither be increased nor lessened by any decision in the case.

The jury found for the plaintiff. Judgment.