ALPHA O. VERY *vs.* ALFRED S. CLARKE & another,
assignees.

Hampden.    September 25, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Insolvency — Proof of Claim — Set-off.*

V., who was insolvent, brought a petition to prove a claim against a corporation
also in insolvency, the claim being pressed by his assignee. The corporation
sought to set off a larger debt due to it from a New York partnership, of which
V. was a member. The partnership also was insolvent, and the other member
had disappeared, but its affairs had not been brought into the Massachusetts
Insolvency Court. *Held,* that the insolvency of V.'s firm did not entitle the
creditors of the insolvent corporation to divert V.'s assets from his private
creditors.

APPEAL from a decision of the Court of Insolvency disallow-
ing a claim of $869.69 for services as treasurer of the Warwick
Cycle Manufacturing Company, presented by Alpha O. Very
for the benefit of his assignee in insolvency. Hearing in the
Superior Court on an agreed statement of facts, before *Maynard,*
J., who allowed the claim and disallowed a certain larger claim
which the assignees offered in set-off; and they appealed. If
the appellees were entitled to set off against the appellant's
claim the amount due from Very and Osborn to the corpora--
tion, the appellant's claim was to be disallowed ; if entitled to
set off any portion of the amount, such portion was to be de-
ducted, and the appellant's claim allowed for the balance ; other-
wise the appellant's claim was to be allowed in full. The facts
appear in the opinion.

*J. B. Carroll & W. H. McClintock,* for the appellees.

*J. Barnes,* for the appellant.

HOLMES, C. J. This is a petition by a creditor, Very, to
prove a claim against the Warwick Cycle Manufacturing Com-
pany in insolvency. Very, as well as the cycle company, is in
insolvency, and his claim is pressed by his assignee. The com-
pany seeks to set off a larger debt due to it from a New York
partnership, of which Very was a member. The partnership
also is insolvent, and the other member has disappeared, but its

affairs have not been brought into the Massachusetts Insolvency Court. The judge of the Superior Court, before whom the case came by appeal of the creditor, Very, allowed the claim and disallowed the set-off, and the assignees of the cycle company appealed to this court.

We are of opinion that the judge of the Superior Court was right. There is no doubt that apart from insolvency the set-off would not have been allowed. *Bridgham* v. *Tileston,* 5 Allen, 371. *Snyder* v. *Spurr,* 33 Conn. 407. *Tucker* v. *Oxley,* 5 Cranch, 34, 39. The general rule is clear, and the insolvency of all the parties does not raise an equity in favor of the creditors of the cycle company which is superior to the right of Very's personal creditors to have his personal assets applied to the full payment of their claims before any part of them is used to pay the debts of the firm to which he belonged. See Pub. Sts. c. 157, § 121 ; *Williams* v. *Brimhall,* 13 Gray, 462, 465 ; *Addis* v. *Knight,* 2 Merivale, 117, 122 ; *Jackson* v. *Clymer,* 43 Penn. St. 79, 83 ; *Wright* v. *Rogers,* 3 McLean, 229 ; Lowell, Bankruptcy, § 274. If the debt due from Very's firm to the cycle company were proved against his separate estate, it would be only in subordination to the claims of his separate creditors, which in this case would exhaust his estate. *Clarke* v. *Stanwood,* 166 Mass. 379, 384. *M'Culloh* v. *Dashiell,* 1 Harr. & Gill, 96, 100. In *Tucker* v. *Oxley, ubi supra,* the bankrupt law then in force was construed to let in partnership creditors against the separate estate on an equal footing with personal creditors. See also Story, Eq. Jur. § 1437, n. 1. Of course Very's claim against the cycle company is a part of his personal assets, and if it is extinguished by setting off a claim against his firm, it is applied to payment of a partnership debt just as much as if the money were collected and then paid to the firm creditors. *Williams* v. *Brimhall, ubi supra.*

It is said that but for Very's insolvency the cycle company could have got a judgment against him separately under Pub. Sts. c. 164, § 13, and thus have made his liability separate. So it might have contracted with Very alone in the first place. It is enough to say that it did not do so.

*Judgment affirmed.*