ARISTIDES A. STATHOPOULOS *vs.* THEODORE A. REEKSTING
& another.

Middlesex.    March 19, 1925. — May 22, 1925.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice,* Decree, Contempt. *Equity Jurisdiction,* Clean hands.

The plaintiff in a bill in equity, filed in November, sought to enjoin the maker of a mortgage note, given previously in that month, from paying anything upon it to the payee and to enjoin the payee from receiving or attempting to enforce payment, and a restraining order was issued so enjoining the defendants, which was continued "until the further order of the court." The suit was heard and, on April 2, a judge found for the defendants and entered an order for a decree, in form following: "Let the defendant prepare a decree dismissing the bill with costs." A final decree dismissing the bill was not entered until June 19. In the meantime, on May 1, the payee began proceedings to foreclose his mortgage because of nonpayments of principal in accordance with its provisions, and a sale was held on May 29. On the preceding February 29, the payee had begun a suit in equity to enforce payment of a balance due on the note, which was dismissed in the following November, when a new suit to enforce payment of the note was begun. In the last suit the maker averred in defence that the payee had been in contempt by reason of violation of the restraining order above described and did not come into court with clean hands. *Held,* that

(1) The order of the court on April 2 was a "further order," after which, by the terms of the restraining order, the injunction ceased to have effect;

(2) If there was contempt by the payee in bringing the suit in February, it was not a contempt of which the maker could complain, as the order violated was not made for his benefit; and if there had been a contempt, it was purged by the dismissal of the suit of the third party in which the order violated was made;

(3) A decree for the plaintiff was warranted.

BILL IN EQUITY, filed in the Superior Court on November 21, 1924, to reach and apply the interest of the defendant Theodore A. Reeksting in shares of stock of Gillette Safety Razor Company toward the payment of a balance alleged to be due on a promissory note made by the defendant Reeksting and payable to the plaintiff.

In the Superior Court, the suit was heard by *Morton, J.,* a commissioner having been appointed under Equity Rule

35 to take the evidence. Material facts are described in the opinion. By order of the judge, a decree was entered adjudging that the defendant Reeksting owed the plaintiff $5,895.67, and ordering a sale by a special master of the described corporate stock and an application of the proceeds of the sale toward the payment of the debt due the plaintiff from Reeksting. The defendant Reeksting appealed.

*M. R. Flynn,* for the defendants.

*J. C. Johnston,* (*G. K. Richardson* with him,) for the plaintiff.

WAIT, J. November 2, 1923, the defendant Reeksting made a promissory note payable to the plaintiff Stathopoulos. The note was secured by a mortgage of personal property. November 30, 1923, one Branis, in proceedings in equity against Reeksting and Stathopoulos begun November 10, 1923, obtained an order restraining Reeksting from paying Stathopoulos anything upon the note, and Stathopoulos from receiving and in any way enforcing payment by Reeksting until a hearing be had on December 6, 1923, on an order to show cause why an injunction against such payment and enforcement should not issue. On said December 6, the court ordered the injunction to be continued "until the further order of the court." A hearing upon the merits of the bill of Branis was had; and on April 2, 1924, the judge found for the defendants and entered an order for a decree, in form following: "Let the defendant prepare a decree dismissing the bill with costs." A final decree in accord therewith was entered on June 19, 1924, from which no appeal was claimed. About May 1, 1924, Stathopoulos began proceedings to foreclose his mortgage for nonpayment of instalments upon the note which had thereby become due. No payments in accord with the terms of the note had been made by Reeksting, who was notified of the proceedings to foreclose. A foreclosure sale was made on May 29, 1924, after an adjournment from May 9, of which Reeksting had notice. The property was sold for $300. The expense of the sale was $50. The property was delivered by Stathopoulos some two or three weeks thereafter.

On February 29, 1924, the answer alleges, Stathopoulos brought a bill in equity against Reeksting to establish the

debt created by the note, alleging default in payments due in December, 1923, and January and February, 1924. The bill was dismissed on November 20, 1924; and the present bill was brought forthwith to establish the same debt, but alleging default in payments due in each month from December, 1923, through November, 1924. In both bills last referred to, the Gillette Safety Razor Company was made a defendant; and both bills sought to reach and apply stock held by Reeksting in that corporation. The defence of Reeksting is that until June 19, 1924, he was restrained by the injunction in the Branis suit from making payment on the note; and that Stathopoulos does not come into court with clean hands since he was likewise restrained until June 19, 1924, from bringing suit or making a foreclosure sale to enforce payment of the note.

At the hearing upon the bill in December, 1924, the judge in the Superior Court ruled that Stathopoulos was not in contempt; established the debt in the full amount of the note less the amount received upon the foreclosure with interest from December 22, 1924, and made a final decree establishing the debt and directing the application of the proceeds of the sale of the stock sought to be reached by the bill. From this decree, which was entered January 14, 1925, Reeksting appeals. There is nothing in the appeal. The order of November 30, 1923, was merely a temporary restraining order (G. L. c. 214, § 9) which would have terminated of its own force on December 6, 1923, but for the order extending the injunction until further order of the court. That "further order" was made, in effect, by the order of April 2, 1924, directing the preparation of a decree dismissing the bill with costs. Either Reeksting or Stathopoulos was authorized forthwith to move for the entry of such a decree, and the injunction was without force from the date of the order. It was made to secure such rights as Branis had; and when the court established that he had none, the injunction was *functus officii*, although by appropriate order it could have been continued in force pending an appeal (G. L. c. 214, §§ 21, 22). No such order was made, and so far as appears none was sought.

If there was any contempt it was not a contempt of which Reeksting could complain. The injunction was, at least on the face of the papers, not imposed for his benefit. It was granted to Branis, not to Reeksting. The power of the court to deal with it ended with the Branis suit. Had there been any contempt in bringing suit in February of 1924, it was certainly purged at the dismissal of that proceeding. There was no injunction in force when this bill was brought. The final decree dismissing the Branis cause had then been entered.

Reeksting is in error in claiming that not until June 19, 1924, the day of entry of the formal decree ordered April 2, was the injunction in the Branis suit at an end. He owed the amount found due. He was not relieved from payment after April 2, 1924. He has not been harmed. He has not paid. The decree of the Superior Court was right; and, as modified by adding the costs of this appeal, the

*Decree is affirmed.*