### STATE v. WILLIAM J. OBERLE, Inc.
#### No. 14088.

Court of Appeal of Louisiana. Orleans.
March 21, 1932.

Charles J. Rivet, of New Orleans, for appellant.

Jewell A. Sperling, of New Orleans, for appellee.

WESTERFIELD, J.

The state of Louisiana, in this proceeding, seeks to collect a license tax from the defend-

ant corporation, alleging that it is engaged in a brokerage business as comprehended by the terms of section 5 of Act No. 205 of 1924 reading as follows: "That for carrying on the business pursuits known as cotton factorage and commission business, sugar factories, grain and produce commission houses, manufacturer's agent, merchandise broker, or any other factorage or commission business, or brokerage in money, bonds, real estate, produce, sugar, or other brokerage business except as hereinafter provided, whether buying or selling for actual spot or future delivery where the intention of the parties is to make and honest and bona fide delivery, the license shall be based on the gross annual commissions and the brokerage on sales and purchases, and shall be fixed and graded as follows, to-wit."

It is admitted that the defendant is a "custom house broker," but, on behalf of defendant, it is argued that a custom house broker is in no sense a broker, the term as applied to defendant being a misnomer.

Section 484 of the Tariff Act of 1930 (19 USCA § 1484) provides that a "consignee of imported merchandise shall make entry therefor either in person or by an agent authorized by him in writing under such regulations as the Secretary of the Treasury may prescribe."

Section 641 of the same act (19 USCA § 1641) authorizes the licensing of custom house brokers in the following language: "The Secretary of the Treasury may prescribe rules and regulations governing the licensing as customhouse brokers of citizens of the United States of good moral character, and of corporations, associations, and partnerships, and may require as a condition to the granting of any license, the showing of such facts as he may deem advisable as to the qualifications of the applicant to render valuable service to importers and exporters."

The United States Treasury Department, in its revised regulations of November 16, 1931, defines the term custom house broker as a person, partnership, corporation, and association "transacting customs business at a custom house in behalf of other persons generally."

The president of the defendant company, in describing the business conducted by defendant, explained that "Merchandise imported from a foreign country and also merchandise manufactured in the United States and exported to foreign countries requires on that regarding imported merchandise that certain documents, papers and forms must be prepared for the government to assess the duty on the merchandise itself." This service is performed by the defendant for a consideration.

In Corpus Juris, volume 9, page 509, we find the following definition of a custom house broker: "A custom house broker is a person authorized to act for parties at their option, in the entry or clearance of ships and the transaction of general business."

In the same volume of the same authority, page 512, we find: "Any person who acts as middleman or negotiates commercial transactions in behalf of clients is ordinarily deemed a broker within the meaning of a statute or ordinance imposing a license tax on brokers. * * *"

In Ruling Case Law, volume 4, page 242, a broker is defined as follows: "A broker is an agent who bargains or carries on negotiations in behalf of his principal as an intermediary between the latter and third persons in transacting business relative to the acquisition of contractual rights, or to the sale or purchase of any form of property, real or personal, the custody of which is not entrusted to him for the purpose of discharging his agency."

It seems clear to us that defendant's business partakes more of the nature of agency than anything else, but whatever may be its proper classification it is not a brokerage business within the section of the license law under which this suit was brought.

For the reasons assigned the judgment appealed from is affirmed.

Judgment affirmed.