## RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

ALPHONSE ST. GEORGE *vs.* HUGH A. SMITH. May 15, 1941. Exceptions dismissed without costs. This is an action of tort tried in the Superior Court. There was a verdict for the plaintiff. The defendant's bill of exceptions was allowed April 1, 1940. There is nothing in the record to show nor is it contended by the parties, that the case did not then become "ripe for final preparation and printing of the record for the full court," that any extension of time for ordering such preparation and printing was granted by the court or any judge thereof within ten days after the case became "ripe" for such preparation and printing, or that any "order" for such preparation and printing was given by the excepting party within this ten-day period or at any time before October 9, 1940. G. L. (Ter. Ed.) c. 231, § 135. Such an order was given on that date, the parties having on that date agreed "to a late preparation of the record . . . in compliance with G. L. (Ter. Ed.) c. 231, § 72." The effect of such an agreement cannot be greater than "an order of the court to the same effect." G. L. (Ter. Ed.) c. 231, § 72. Since no order for "a late preparation of the record" could have been made by the Superior Court October 9, 1940 (*Flood* v. *Grinnell*, 286 Mass. 214; *Home Owners' Loan Corp.* v. *Sweeney*, *ante*, 26, 31), the agreement of the parties to that effect is without force, and the defendant's exceptions are not properly before this court.

*J. E. Gaynor*, for the defendant.
*M. H. T. McGregor*, (*J. M. McGregor* with her,) for the plaintiff.