**KENTUCKY STATE BAR ASSOCIATION,**
**Complainant,**

v.

**Espy BAILEY, Respondent.**

Court of Appeals of Kentucky.

Dec. 16, 1966.

Charles S. Cassis, Frankfort, for appellant.

Espy Bailey, pro se.

PER CURIAM.

This is an original contempt proceeding in this Court against respondent, an accountant, for allegedly engaging in the practice of law. The proceedings were initiated under Rule 3.530 of the Rules of this Court and after a show-cause rule was issued, the case was referred to a circuit judge sitting as a special commissioner and the matter was heard. The special commissioner found that respondent was guilty of the unauthorized practice of law but recommended the issuance of a "cease and desist" order rather than the infliction of punishment.

For many years respondent has been filing for clients with the Kentucky Board of Tax Appeals petitions for review of adverse rulings entered by the Department of Revenue. These petitions have raised questions of statutory interpretation and constitutional law. They pertained principally to legal issues rather than accounting problems. We have no doubt, as

the special commissioner found, that the nature of the work performed by respondent for his clients, in the matters upon which the complaint was based, constituted the unauthorized practice of law under Rule 3.020 of this Court. That Rule provides:

" 'The practice of law' is any service rendered involving legal knowledge or legal advice, whether of representation, counsel, or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services. But nothing herein shall prevent any person not holding himself out as a practicing attorney from drawing any instrument to which he is a party without consideration unto himself therefor."

See Winkenhofer v. Chaney, Ky., 369 S.W.2d 113; Frazee v. Citizens Fidelity Bank and Trust Co., Ky., 393 S.W.2d 778; Lowell Bar Association v. Loeb, 315 Mass. 176, 52 N.E.2d 27; People ex rel. Chicago Bar Association v. Goodman, 366 Ill. 346, 8 N.E.2d 941, 111 A.L.R. 1; Chicago Bar Association v. United Taxpayers of America, 312 Ill.App. 243, 38 N.E.2d 349; Agran v. Shipiro, 127 Cal.App.2d Supp. 807, 273 P.2d 619.

Respondent is apparently so impressed with his legal ability that he not only failed to employ his own counsel in this proceeding but declined to have counsel appointed for him. His brief in this Court constitutes an attack on the legal profession and purports to raise legal questions which properly should be presented by a person licensed to practice law.

 The special commissioner was of the opinion that respondent was innocent of the charges against him because he did not know he was engaging in the unauthorized practice of the law. Our review of the record convinces us that his continuing conduct did not so much stem from lack of knowledge as from his forthright determination to attend to all matters in which he felt himself qualified, regardless of whether he was engaging in legal controversies which actually constituted the practice of law. We do not think a simple notice would sufficiently impress respondent with the unauthorized nature of his conduct.

Respondent, Espy Bailey, is hereby adjudged in contempt of court for the unauthorized practice of law and a fine of $100 is hereby imposed, but the payment of said fine is suspended until further order of this Court. Respondent shall pay the costs of this proceeding.