Lauriat, Peter M., J.
The plaintiff Real Estate Bar Association for Massachusetts, Inc. (“REBA”) brought this action asserting that the above-named defendants (collectively, “the defendants”) have engaged in the unauthorized practice of law in the Commonwealth by preparing deeds and other legal instruments for the conveyance of Massachusetts property. REBA now seeks to enjoin the defendants from preparing and providing deeds and other legal instruments relating to the conveyance of Massachusetts property. For the following reasons, REBA’s Motion for a Preliminary Injunction is allowed.
BACKGROUND
Defendant ANADeeds, Inc. (“ANADeeds”) owns and operates an on-line service in which it prepares and sells deeds and other legal instruments used to convey real property in several states, including Massachusetts. To purchase a legal instrument from ANADeeds, a customer enters factual information into its on-line data entry page, and ANADeeds generates a “legal instrument” based on that information. An ANADeeds employee allegedly reviews the completed instrument and then sends it to the customer.
According to REBA, the instruments are not reviewed by attorneys, and often contain legal errors. The defendants maintain, however, that an attorney licensed to practice in the customer’s state reviews the instrument before it is sent to that customer. They assert that defendant Nabeel S. Alexander (“Alexander”) , a Massachusetts-licensed attorney,[1] reviews the instruments before they are sent to its Massachusetts customers. REBA, however, has identified some instruments which were prepared for and sold to Massachusetts customers before Alexander was admitted to the Massachusetts bar.
REBA asserts that defendants ANADeeds, American National Abstract, LLC (“ANA”), and Francis P. Dec (“Dec”) have engaged in the unauthorized practice of law by preparing and selling legal instruments. It also asserts that Alexander’s involvement in this service amounts to unauthorized practice because an attorney may not provide services to non-lawyers for resale. REBA seeks to enjoin the defendants from preparing and providing legal instruments for the conveyance of Massachusetts property.
DISCUSSION
A party is entitled to a preliminary injunction where (1) there is a reasonable likelihood that the moving party will succeed on the merits of its claim, (2) the moving party will suffer irreparable harm in the absence of injunctive relief, and (3) such harm outweighs any injury the non-moving party will suffer if the injunction is granted. Packaging Industs. Grp., Inc. v. Paul E. Cheney, 380 Mass. 609, 616 (1980). The court concludes that REBA is entitled to a preliminary injunction.
1. Likelihood of Success on the Merits
REBA is likely to succeed on the merits of its claim that the defendants engaged in the unauthorized practice of law. In Massachusetts, drafting a deed constitutes the practice of law. See The Real Estate Bar Ass’n of Massachusetts, Inc. v. National Real Estate Info. Servs., 459 Mass. 512, 524 (2011). ANADeeds, ANA and Dec are not licensed to practice law in Massachusetts, yet they are engaged in the practice of law by drafting deeds and other instruments used to convey Massachusetts real property.
Moreover, the fact that Alexander, a Massachusetts-licensed attorney, reviews and approves legal instruments before ANADeeds sends them to Massachusetts customers does not render the defendants’ activity lawful. First, assuming that at all relevant times, Alexander was licensed to practice in the Commonwealth,[2] he has likely violated various ethical rules by providing legal services to the non-lawyer codefendants for resale. See Joffe v. Wilson, 381 Mass. 47, 53-54 (1980) (attorneys may not provide legal services to non-lawyers for resale). Second, the record shows that ANADeeds, ANA and Dec engaged in an unlawful practice by advertising their services as “attorney approved.” See id., (unlawful for entity to sell legal services of attorney). Accordingly, REBA has made an adequate showing that the defendants engaged in the unauthorized practice of law, and that it therefore has a reasonable likelihood of success on the merits of its claim.
2. Irreparable Harm
REBA has also shown that without the preliminary injunction, the Massachusetts public will likely suffer irreparable harm.[3] See Packaging Industs., 380 Mass. at 617.
As REBA notes, without the injunction the defendants may continue to provide potentially erroneous legal documents to members of the Massachusetts public. There is a public interest in protecting the Massachusetts community “from being advised and represented in legal matters by incompetent and reliable persons ...” Lowell Bar Ass’n v. Loeb, 315 Mass. 176, 180 (1943) (public interest in protecting people from unauthorized practice of law). The harm to those who rely on potentially invalid legal instruments drafted by unlicensed individuals would be irreparable. See Packaging Industs. Grp., Inc., 380 Mass. at 616 n.10 (court considers risk that party will suffer irreparable harm during time between preliminary injunction hearing and final adjudication). Such harm could not be vindicated by a final judgment. See id. at 616 n.10, 617 n.11. Accordingly, REBA has established that without the preliminary injunction, Massachusetts citizens may suffer irreparable harm.
*589 3. Balancing of the Risks of Harm
Finally, the court concludes that the potential harm to the public outweighs any injury the defendants may suffer if the injunction is granted. See id. at 616. The defendants argue that the injunction will result in substantial harm to them because it will cause them to lose business in Massachusetts and will taint their reputation of providing services in all 50 states. The court rejects this argument. Any such harm does not outweigh the risk of harm to individuals who will rely on potentially invalid instruments drafted by unlicensed practitioners. See Lowell Bar Ass’n, 315 Mass. at 180. The court therefore finds that the risk of harm to the public outweighs any risk of harm to the defendants. See Packaging Industs. Grp., Inc., 380 Mass. at 622.
ORDER
For the foregoing reasons, it is hereby ORDERED that the Plaintiffs Motion for Preliminary Injunction be, and the same is, ALLOWED.
Defendants ANANDeeds, Inc., American National Abstract, LLC, and Francis P. Dec are preliminarily enjoined in each defendant’s own name and under any business or other name, and any representative, agent, employee, person, association of persons, or corporation associated with or employed, operated, or controlled by the defendants from the following:
(1) advertising and holding out to members of the public through advertising, promotional materials, internet sites or otherwise that they can prepare or provide deeds or other legal instruments for the conveyance of an interest in real property located in Massachusetts;
(2) preparing or providing deeds or other legal instruments for use by others to convey an interest in real property located in Massachusetts;
(3) providing or offering to provide legal services or the services of another attorney in Massachusetts to other persons, corporations, or other legal entities;
(4) providing or offering to provide legal advice to other persons, corporations, or other legal entities for use in Massachusetts;
(5) contracting, engaging, or arranging with an attorney licensed in Massachusetts to provide any legal services with respect to the conveyance of a legal interest in real estate located in Massachusetts; and
(6) engaging in any other unauthorized practice of law in violation of Massachusetts law.
In addition, defendant Nabeel S. Alexander, in his own name and under any business or other name, is preliminarily enjoined from the following:
(1)reviewing any deeds or other legal instruments for defendants ANADeeds, Inc., American National Abstract, LLC, and Francis P. Dec;
(2) providing any legal services to defendants ANADeeds, Inc., American National Abstract, LLC, and Francis P. Dec which they intend to resell to others;
(3) providing any legal services to any person, corporation, or other legal entity which is not the intended beneficiary of such legal service; and
(4) engaging in any other unauthorized practice of law in violation of Massachusetts law.
Pursuant to Mass.R.Civ.P. 65(c), no security for the issuance of this Order shall be required since the defendants represented to the court at the hearing on the present motion that they had not conducted any business in Massachusetts in at least the last six months.
This Order shall remain in full force and effect until further order of the court.

 According to the www.mass.gov/obcbbo/obc website, Alexander was admitted to the Massachusetts bar on June 15, 2012, and he has certified that he is not covered by professional liability insurance.

 It appears that at least some of the instruments at issue were drafted before Alexander was admitted to the Massachusetts bar on June 15, 2012.

 The court rejects REBA’s assertion that when seeking a preliminary injunction that is in the public’s interest, the moving party need not show irreparable harm. The case REBA cites, Borne v. Haverhill Golf & Country Club, Inc., applies only to cases where the Attorney General seeks a preliminary injunction for the benefit of the public. 58 Mass.App.Ct. 306, 323 (2003) (“Nor is the Attorney General, when requesting an injunction in the public interest, required to make a showing of irreparable harm"). This is not the case here.