ROBERT J. HARVEY & others *vs.* TOWN OF SUDBURY.

Middlesex.    December 6, 1965. — February 23, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*School and School Committee.    Municipal Corporations,* Municipal finance.
*Words,* "Current expenditures," "Without further appropriation."

There was no merit in a contention that certain Federal funds received by the school committee of a town under St. 1956, c. 413, need not be reflected in the annual school estimates and might be expended for school items not included in the estimates; the committee should list the entire school requirements in the estimates and indicate the total of such Federal funds available or anticipated as a deduction reducing the amount to be appropriated by the town for the schools. [314–315]

There was no "deficiency" within G. L. c. 71, § 34, as appearing in St. 1939, c. 294, and a proceeding in equity under that statute must be dismissed, where a town appropriated for its public schools an amount less than that requested by the school committee in the school estimates, but the reduction was more than offset by Federal funds received or anticipated under St. 1956, c. 413, and not reflected in the estimates, even though the greater part of such funds had been "committed" to expenditure for school items not included in the estimates. [312–313, 316]

PETITION IN EQUITY filed in the Superior Court on March 31, 1964.

The case was heard by *Tomasello, J.*

*Henry W. Hardy (John V. Phelan* with him) for the Town of Sudbury.

*Joseph G. Crane* for the taxpayers.

SPALDING, J. Because of an alleged deficiency in the amount appropriated by the town of Sudbury for the sup-

Harvey *v.* Sudbury.

port of its schools for the year 1964, more than ten tax-payers of the town brought this petition in equity under G. L. c. 71, § 34, as appearing in St. 1939, c. 294. From a decree ordering the town to restore to the school committee budget the sum of $16,700, together with a sum equal to twenty-five per cent thereof, the respondent appealed. The evidence is reported, and the judge made findings of material facts.

Facts found by the judge and by us (*Lowell Bar Assn.* v. *Loeb,* 315 Mass. 176, 178) are these: The school committee (committee) submitted to the finance committee and to the 1964 town meeting an estimated budget of $1,189,700 for the support of the town's schools during that year, and requested that this sum be included in the town budget. Upon the recommendation of the finance committee, the town meeting voted school appropriations of $1,173,000, or $16,700 less than the school committee's request. It is this deficiency which the petitioners seek to have restored.

At the time of the town meeting, the town had a balance of $43,142.42 in an account reflecting Federal funds received pursuant to P. L. 874,[1] and as yet unexpended. The committee at the same time estimated that the town would receive another $25,000 during the course of 1964 from the same Federal source. In fact, $28,831 of P. L. 874 funds were received from this source during 1964.

In the estimated school budget submitted to the town meeting, the committee deducted from total operating costs the sum of $48,000, designating it "Federal Aid applied to budget." The committee obviously intended that the $43,000 balance in the Federal aid account under P. L. 874, plus $5,000 of the anticipated receipts from that source during the year, so applied, would alleviate the burden placed upon the town by school costs. What the committee contemplated in regard to the remaining P. L. 874 funds to

[1] Pub. Law (81st Cong.) 874, 64 Stat. 1100. The statute is entitled, "An Act to provide financial assistance for local educational agencies in areas affected by Federal activities, and for other purposes." This statute is also found in 20 U. S. C. §§ 236–244 (1964).

be received (approximately $20,000) is not so clear.  There was testimony, and the committee's proposed budget and other documents reveal, that $12,301.36 of the anticipated Federal funds were "committed" at the time of the town meeting: $5,765.36 for the purchase of equipment and $6,536 for the contingency, which apparently occurred, that an old school building would have to be reopened.  Neither of these amounts was reflected in the budget submitted for appropriation.  It also appears that during 1964 the committee used approximately $12,000 of these funds for various "unanticipated" expenditures which were neither included in the original budget nor subsequently appropriated.

The town's position rests upon the alleged fact that the committee's expectations as to how much Federal money would be received during 1964 left an amount (approximately $20,000) sufficient to cover the $16,700 by which the town meeting reduced the budget.  While the committee seeks to contradict this fact with the evidence that over $12,000 of the P. L. 874 funds were "committed," the town points to another account which reflects a balance of $4,310.63 in Federal funds received pursuant to P. L. 864,[2] and which, it is contended, might also have been used to offset the budget reduction.  The judge made no detailed findings concerning this evidence other than "[t]hat the funds granted by the Federal Government by way of Public Laws 874 and 864 to . . . [the] Town for educational purposes were more than ample to satisfy the deficiency in the amount of $16,700.00."

The committee takes the view that Federal funds received or anticipated pursuant to P. L. 874 need not be taken into consideration in preparing its annual budget, except to the extent that it sees fit.  We reject this view, as well as the related position of the committee that the funds may be expended for items which were not included in the budget originally submitted to the town meeting for appropriation.

---

[2] Title III, National Defense Educational Act of 1958, entitled, "Financial Assistance For Strengthening Science, Mathematics, And Modern Foreign Language Instruction."  Pub. Law (85th Cong.) 864, 72 Stat. 1588.

Our statutes (St. 1953, c. 621, §§ 1 and 2, as amended by St. 1956, c. 413) provide for the acceptance of P. L. 874 funds by a town, and for their disbursement "for current expenditures of . . . [the] school system. . . ." They also direct (§ 2) that the amounts received "shall be deposited with the treasurer of such . . . town . . . and held as a separate account, and expended by said school committee without further appropriation, notwithstanding the provisions of section fifty-three of chapter forty-four of the General Laws."[3] Nothing in this statute authorizes the committee to account for and to dispose of these funds in the manner suggested by it. To the contrary, we construe "current expenditures" to refer to those itemized school costs listed by the committee in its proposed annual budget. Thus, no authorization exists for the expenditure of Federal funds in the manner in which the committee has expended them, namely, for unanticipated and unlisted items. The clause in § 2 of the 1956 statute, authorizing the expenditure of P. L. 874 funds "without further appropriation," raises no contrary implications. As the statute makes clear, the purpose of this provision is to obviate the effect of G. L. c. 44, § 53, which requires a "specific appropriation" before funds received by town officers or departments may be expended.

It follows from this that the committee should list its total monetary requirements by items in its annual budget, apply the total of its available or anticipated State, Federal, and other funds, and request the town to appropriate the balance. This procedure is expressly required by G. L. c. 70, § 10, as to State funds; and, while there exists no such explicit statutory directive touching Federal funds, the policy behind such a requirement is equally applicable to Federal funds. By compelling the committee to set before the town meeting and the community at large one annual statement of its proposed expenditures and expected

---

[3] Although there is no specific provision with respect to P. L. 864 funds, it is to be noted that there is a somewhat similar provision (§ 26C) with respect to the acceptance of other Federal funds for the purposes listed in §§ 26A through 26F of c. 71.

resources, the statute affords everyone concerned an opportunity to evaluate the committee's financial policy for the ensuing year. This holding in no way impairs the final authority traditionally reposed in the committee to decide the financial needs of its school system. See G. L. c. 71, § 34, and *Casey* v. *Everett,* 330 Mass. 220, 224–225, and cases cited. What we have said affects only the manner in which the committee must account for its expenditures, and it is obvious that the ultimate financial burden which a town may have to bear is still within the control of the committee.

The final decree is reversed and a new decree is to be entered dismissing the petition.

*So ordered.*