A. RICHARD ANDERSON & others *vs.* TOWN OF RANDOLPH. September 14, 1979. The plaintiffs commenced an action in the Superior Court seeking a determination of the amount of the deficiency in the defendant's appropriation of money for the support of its public schools. They also sought an order that the defendant provide funds in the amount of that deficiency plus twenty-five percent of that amount. G. L. c. 71, § 34. The trial judge erred in determining that the school committee failed to comply with G. L. c. 71, § 38N, by not informing the public that certain items in the committee's proposed budget were subject to change and then concluding that this failure relieved the defendant of the obligation of making the necessary appropriation for those items.

The school committee is required by G. L. c. 71B, § 5, as amended by St. 1973, c. 318, § 1, to "include within its annual budget" funds sufficient to provide an education to children with special needs, pursuant to G. L. c. 71B, and these funds "shall be added to the annual budget appropriation for school purposes." In preparing its budget for fiscal 1978, the school committee knew and advised the finance committee that an appropriation for special education under G. L. c. 71B would be needed, although the amount had not been ascertained. Four

days prior to the annual town meeting the school committee advised the finance committee of the necessary amount. All interested persons had previously been advised of this amount at a hearing held pursuant to G. L. c. 71, § 38N, which requires the school committee to hold a public hearing so that such persons favoring or opposing the proposed annual budget may be heard. A school committee has broad fiscal powers, *Leonard* v. *School Comm. of Springfield*, 241 Mass. 325, 329 (1922); *Bell* v. *North Reading*, 363 Mass. 505, 510 (1973), but its members are answerable to the public in the exercise of these powers by virtue of the political process, and § 38N gives the public an opportunity to evaluate and to speak on the school committee's fiscal policy for the coming year. Cf. *Harvey* v. *Sudbury*, 350 Mass. 312, 315-316 (1966); *Carroll* v. *Malden*, 2 Mass. App. Ct. 735, 740 (1974). The committee was not required by § 38N to inform the public that its proposed budget was subject to amendment, and it in fact specified at the public hearing the amount of money necessary for special education. The committee did nothing to frustrate or impede public scrutiny of its actions, and it violated neither the letter nor the intent of § 38N. The judgment for the plaintiffs is to be modified to order the defendant and its officials to provide in the manner required by G. L. c. 71, § 34, the sum of $200,000, plus twenty-five percent thereof, and as so modified, is affirmed.

*So ordered.*

*Jeffrey M. Freedman* for the plaintiffs.
*William J. Carr* for the defendant.