Judge Rotenberg Educ. Ctr., Inc. *v.* Commissioner of the Dep't of Mental Retardation (No. 2).

THE JUDGE ROTENBERG EDUCATIONAL CENTER, INC.[1] *vs.*
COMMISSIONER OF THE DEPARTMENT OF MENTAL
RETARDATION (NO. 2).

Bristol. November 5, 1996. - March 13, 1997.

Present: ABRAMS, LYNCH, GREANEY, FRIED, & MARSHALL, JJ.

*Department of Mental Retardation. Mental Health. Injunction. Practice, Civil,* Preliminary injunction, Moot case, Interlocutory appeal. *Moot Question.*

An appeal, pursuant to G. L. c. 231, § 118, second par., from a preliminary injunction in a contempt action was dismissed as moot where the trial judge had entered a final judgment and order of relief in the matter while the appeal was pending. [472]

CIVIL ACTION commenced in the Bristol Division of the Probate and Family Court Department on February 28, 1986.

A motion for a preliminary injunction, filed on March 24, 1995, was heard by *Elizabeth O'Neill LaStaiti, J.*,

The Supreme Judicial Court granted an application for direct appellate review.

*Judith S. Yogman*, Assistant Attorney General (*Lucy A. Wall*, Assistant Attorney General, with her) for the Commissioner of the Department of Mental Retardation.

*Roderick MacLeish, Jr.* (*Peter F. Carr, II*, with him) for the Judge Rotenberg Educational Center, Inc.

*Eugene R. Curry* for the class of patients, parents and guardians.

*Cathy E. Costanzo*, for the guardianship counsel, amicus curiae, submitted a brief.

[1] Matthew L. Israel, executive director of The Judge Rotenberg Educational Center, Inc. (JRC); Leo Soucy, individually, and as parent and next friend of Brendon Soucy; and Peter Biscardi, individually, and as parent and next friend of P.J. Biscardi, both as representatives of the class of all patients at the Behavior Research Institute, Inc., their parents, and guardians.

LYNCH, J. This is an appeal from a preliminary injunction entered in *Judge Rotenberg Educ. Ctr, Inc.* v. *Commissioner of the Dep't of Mental Retardation (No. 1), ante* 430 (1997).

The Judge Rotenberg Educational Center, Inc. (JRC), and the class of all patients, their parents, and guardians, brought a contempt action in the Bristol County Probate and Family Court against the Commissioner of the Department of Mental Retardation (department). While the action was pending, the judge issued a preliminary injunction enjoining the department from decertifying JRC. The department appealed to a full panel of the Appeals Court pursuant to G. L. c. 231, § 118, second par.[2] We granted the department's application for direct appellate review.[3]

A preliminary injunction lapses when a final decree is entered. *Carlson* v. *Lawrence H. Oppenheim Co.,* 334 Mass. 462, 465 (1956) (preliminary injunction does not survive entry of final decree); *Lowell Bar Ass'n* v. *Loeb,* 315 Mass. 176, 189 (1943) (preliminary injunction served purpose when final decree entered). The preliminary injunction at issue in this appeal was vacated when the judge entered the final judgment and order of relief in the contempt action. Therefore, this appeal is dismissed as moot and we need not consider whether the preliminary injunction was properly granted.[4] See *Mahony* v. *Assessors of Watertown,* 362 Mass. 210, 216 n.3 (1972); *Lowell Bar Ass'n* v. *Loeb, supra* at 190-191.

*So ordered.*

---

[2]General Laws c. 231, § 118, second par., provides, in pertinent part, as follows: "A party aggrieved by an interlocutory order of a trial court justice . . . granting, continuing, modifying, refusing or dissolving a preliminary injunction . . . may appeal therefrom to the appeals court . . . which shall affirm, modify, vacate, set aside, reverse the order or remand the cause and direct the entry of such appropriate order as may be just under the circumstances."

[3]In addition, the department petitioned a single justice of the Appeals Court for interlocutory relief pending this appeal. See *Judge Rotenberg Educ. Ctr, Inc.* v. *Commissioner of the Dep't of Mental Retardation (No. 3), post* 473 (1997).

[4]The commissioner contends that the judge erred because JRC was unlikely to succeed on the merits, there was no threat of irreparable harm. and the remedy was excessive. For the reasons stated in *Judge Rotenberg Educ. Ctr, Inc.* v. *Commissioner of the Dep't of Mental Retardation (No. 1), ante* 430 (1997), we disagree.