Judge Rotenberg Educ. Ctr., Inc. *v.* Commissioner of the Dep't of Mental Retardation (No. 3).

THE JUDGE ROTENBERG EDUCATIONAL CENTER, INC.[1] *vs.*
COMMISSIONER OF THE DEPARTMENT OF MENTAL
RETARDATION (No. 3).

Bristol. November 5, 1996. - March 13, 1997.

Present: ABRAMS, LYNCH, GREANEY, FRIED, & MARSHALL, JJ.

*Department of Mental Retardation. Mental Health. Practice, Civil,* Interlocutory appeal, Moot case. *Moot Question.*

An appeal under G. L. c. 231, § 118, first par., from an interlocutory order modifying a preliminary injunction was dismissed as moot where the trial judge had entered a final judgment and order of relief in the matter while the petition for interlocutory review was pending. [475]

CIVIL ACTION commenced in the Bristol Division of the Probate and Family Court Department on February 28, 1986.

A motion for a preliminary injunction, filed on March 24, 1995, was heard by *Elizabeth O'Neill LaStaiti,* J., and an emergency motion to enjoin the use of certain aversive treatments was also heard by her.

Applications for leave to prosecute interlocutory appeals were allowed by *Frederick L. Brown,* J., in the Appeals Court, and the appeals were consolidated and reported to a panel of that court. The Supreme Judicial Court granted a request for direct review.

*Judith S. Yogman,* Assistant Attorney General (*Lucy A. Wall,* Assistant Attorney General, with her) for the Commissioner of the Department of Mental Retardation.

*Roderick MacLeish, Jr.* (*Peter F. Carr, II,* with him) for the Judge Rotenberg Educational Center, Inc.

---

[1] Matthew L. Israel, executive director of The Judge Rotenberg Educational Center, Inc. (JRC); Leo Soucy, individually, and as parent and next friend of Brendon Soucy; and Peter Biscardi, individually, and as parent and next friend of P.J. Biscardi, both as representatives of the class of all patients at the Behavior Research Institute, Inc., their parents, and guardians.

*Cathy E. Costanzo (Richard Ames* with her) for P. Bennett & others.

LYNCH, J. This is an appeal from an interlocutory order modifying the preliminary injunction entered in *Judge Rotenberg Educ. Ctr., Inc.* v. *Commissioner of the Dep't of Mental Retardation (No. 1), ante* 430 (1997).

The Judge Rotenberg Educational Center, Inc. (JRC), and the class of all patients, their parents, and guardians, brought a contempt action in the Bristol County Probate and Family Court against the commissioner of the Department of Mental Retardation (department). While the action was pending a Probate Court judge issued a preliminary injunction enjoining the department from decertifying JRC. The department petitioned a single justice of the Appeals Court, pursuant to G. L. c. 231, § 118, first par.,[2] for interlocutory relief.[3] On May 11, 1995, the single justice modified the preliminary injunction by ordering JRC to stop using certain aversive treatments.[4] JRC appealed from the single justice's order to a full panel of the Appeals Court.

In related cases "guardianship counsel" filed a motion on behalf of the patients, seeking to enjoin JRC from using certain aversive treatments.[5] On April 14, 1995, the Probate Court judge entered an order on the motion and guardianship counsel petitioned for interlocutory relief in the Appeals

---

[2]General Laws c. 231, § 118, first par., provides, in pertinent part, as follows: "A party aggrieved by an interlocutory order of a trial court justice . . . may file, within thirty days of the entry of such order, a petition in the appropriate appellate court seeking relief from such order. A single justice of the appellate court may, in his discretion, grant the same relief as an appellate court is authorized to grant pending an appeal under section one hundred and seventeen."

[3]The commissioner also appealed from the preliminary injunction to a full panel of the Appeals Court pursuant to G. L. c. 231, § 118, second par. See *Judge Rotenberg Educ. Ctr, Inc.* v. *Commissioner of the Dep't of Mental Retardation (No. 2), ante* 471 (1997).

[4]On June 12, 1995, the single justice entered an order to clarify the May 11, 1995, order, which provided as follows: "It is ordered that the Judge Rotenberg Educational Center is enjoined from using the following Level III aversives, pending a further order of this Court or a Single Justice thereof: automatic negative reinforcement with electric shock, programmed multiple application of electric shock, the specialized food program, and behavior rehearsal lessons using Level III interventions."

[5]Guardianship counsel consist of nine attorneys who represent individual patients in substituted judgment and guardianship cases.

Court. On June 7, 1995, a single justice vacated the April 14, 1995, decision and entered an order consistent with the May 11, 1995, interlocutory order. JRC again sought review from a full panel of the Appeals Court.

The single justice consolidated the appeals and we granted the department's application for direct appellate review.[6]

For the reasons stated in *Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of the Dep't of Mental Retardation (No. 2), ante* 471 (1997), this appeal is dismissed as moot and we need not consider whether the modification of the preliminary injunction was proper.[7]

*So ordered.*

---

[6]Contrary to guardianship counsel's argument, we do not consider this appeal frivolous and thus decline to award attorney's fees. See *Commonwealth* v. *One 1987 Ford Econoline Van*, 413 Mass. 407, 415 n.10 (1992).

[7]Pursuant to G. L. c. 231, § 118, first par., the single justice modified the preliminary injunction. The preliminary injunction, however, was vacated when the judge entered the final decree. See *Judge Rotenberg Educ. Ctr., Inc.* v. *Commissioner of Dep't of Mental Retardation (No. 2), supra* at 472. Therefore, we need take no action on the single justice's order because the preliminary injunction did not survive the entry of the final decree. *Mahony* v. *Assessors of Watertown*, 362 Mass. 210, 216 n.3 (1972). *Lowell Bar Ass'n* v. *Loeb*, 315 Mass. 176, 190-191 (1943).