NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1023

COMMONWEALTH OF MASSACHUSETTS

vs.

JUDITH L. COMLEY, trustee,[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case involves a boundary and easement dispute between the Commonwealth, through its Department of Fish and Game, and the defendants, over parcels of land in the William Forward Wildlife Management Area.  In April 2019, the Commonwealth filed a complaint in the Land Court seeking declaratory and injunctive relief against the defendants in connection with access and boundary disputes.  The defendants filed an answer, asserting various affirmative defenses.

The judge set an initial discovery deadline of February 3, 2020, which was continued multiple times to July 22, 2021.  The judge denied the defendants' final motion to extend discovery

_____

[1] Of the Kittery Avenue Realty Trust.
[2] Seaview Retreat, Inc.; Stephen B. Comley and Judith L. Comley, as trustees of the Seaview Real Estate Trust.

(filed on July 22, 2021) and scheduled deadlines for the Commonwealth to file its summary judgment motion (August 2021 order). In the August 2021 order, the judge noted that the defendants could use the approximately four months between the date of the order and the hearing on the motion for summary judgment to "undertake whatever title work [counsel] deems necessary." Claiming that the defendants' discovery responses were inadequate, the Commonwealth filed a motion to compel and limit the defendants' introduction of certain evidence pursuant to Mass. R. Civ. P. 37 (b), as amended, 423 Mass. 1406 (1996). The defendants opposed the motion and filed a motion to reconsider the August 2021 order (which was denied).[3] A single justice of this court denied the defendants' petition filed pursuant to G. L. c. 231, § 118, first par.

The Commonwealth filed its motion for summary judgment. The defendants failed to file a written opposition to the motion, despite an email message inquiry from the clerk noting that the opposition was overdue. Instead of filing an opposition to the motion for summary judgment, counsel for the

_____

[3] The judge denied the motion for reconsideration of the August 2021 order and allowed the Commonwealth's motion to compel in part, denied it in part, and denied it without prejudice in part. Specifically, the judge limited the defendants to "the exact responses in their interrogatories in defense of the claims." The judge denied the Commonwealth's request to prohibit the defendants from offering certain evidence and allowed the defendants to offer "any non-title documents."

2

defendants filed a motion to stay hearing on the motion, at 3:49 P.M. the day before the hearing (which had been set at the August 2021 status conference); the judge denied the motion concluding that counsel for the defendants claim of lack of notice was "unsupportable."  One hour before the hearing on the motion, counsel for the defendants filed a "response to the court's order," which the judge treated as a motion to continue and denied.  At the hearing, counsel for the defendants failed to address the issues set forth in the Commonwealth's motion for summary judgment.  Rather, counsel tried to raise discovery issues which had long been resolved and which the judge declined to entertain anew.  The hearing concluded with the judge informing counsel that he "could talk all [he wanted], within reason, about the merits of the Commonwealth's motion."  When counsel responded that he was "building a record for appeal," the judge noted that there would be no "further discussion of matters that [she had] already ruled on," and closed the hearing.

In a thoughtful memorandum of decision and order, the judge allowed the Commonwealth's motion for summary judgment.[4]

---

[4] The judge ruled that the Commonwealth's statement of material facts "[were] undisputed or [were] deemed admitted," because the defendants did not file a response.  In broad strokes, the judge held that a 1945 taking by the Federal government extinguished the title rights of the owners of certain parcels and resulted

Judgment entered in the Commonwealth's favor on all counts of its complaint. The defendants filed a motion to vacate the judgment and a motion to recuse, which the judge denied. This appeal followed.

Discussion. 1. <u>Rulings on motions to extend discovery, stay and recuse</u>. On appeal, the defendants contend that they were denied due process of law "throughout the within matter and more especially during the hearing." They take issue with the judge's "conduct and decision," but fail to address the basis for the judgment. The defendants' brief contains no citations to the record and, as to their recusal argument only, contains minimal citation to authority.[5] See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) (appellant's brief must contain "citations to the authorities and parts of the record on which the appellant relies"). See also <u>Zora</u> v. <u>State Ethics Comm'n</u>, 415 Mass. 640, 642 n.3 (1993) ("bald assertions of error, lacking legal argument and authority," do not rise to

_____

in their predecessors in title conveying real estate rights to them they did not own, therefore, title to these properties rests with the Commonwealth.

[5] The notice of appeal only relates to the entry of summary judgment and does not reference the motion to vacate or the motion to recuse. Accordingly, the latter issues are not before us. See Mass. R. A. P. 3 (a) (1), as appearing in 481 Mass. 1603 (2019); Mass. R. A. P. 3 (c) (1) (A) (ii), as appearing in 491 Mass. 1601 (2023).

4

level of appellate argument).  Accordingly, we need not consider these claims.

Even if we were to consider these issues, the defendants fare no better.  The initial discovery deadline was extended six times.  After two years, the defendants provided deficient responses on the last day of discovery, and they did not produce a representative for a deposition noticed by the Commonwealth. The defendants also complain that an entity from which they sought information was closed throughout the period of discovery, however, this was not true.[6]  Moreover, the Commonwealth provided documents from this entity to the defendants, which they did not utilize or reference during the entirety of the litigation.  On this record, the judge did not abuse her discretion in denying the defendants' motion to extend discovery for a seventh time.  See Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of Dep't of Mental Retardation (No. 1), 424 Mass. 430, 461-462, S.C., 424 Mass. 471, 424 Mass. 473, and 424 Mass. 476 (1997), 492 Mass. 772 (2023) (denial of motion to extend discovery to allow additional deposition within judge's discretion).

---

[6] The entity was open during the discovery period, prior to its closure due to the COVID-19 pandemic, and by August 2021, was open by appointment.  Indeed, the initial discovery deadline was February 3, 2020, at least one month before COVID-19 related closures.

For similar reasons, the judge also did not abuse her discretion in denying the defendants' last-minute motion to stay the summary judgment hearing, as the basis for that motion was the defendants' request to extend discovery. See Beninati v. Beninati, 18 Mass. App. Ct. 529, 534-535 (1984) (where court gave notice trial would take place in three months, no abuse of discretion to proceed where counsel objected on scheduled trial day). Nor did the judge abuse her discretion in denying the defendants' post judgment motion for recusal. Simply put, a review of the transcript of the hearing does not support the defendants' description of the judge's actions. It demonstrates that, despite repeated interruptions by counsel, the judge provided him multiple opportunities to address the merits of the summary judgment motion, but he failed to do so, instead insisting on rehashing prior discovery rulings. The transcript does not support the claim of judicial bias or prejudice, and accordingly, recusal was not warranted. See Erickson v. Commonwealth, 462 Mass. 1006, 1007 (2012) (no showing judge "was biased . . . or that [her] ruling was 'influenced by any considerations other than the law'" [citation omitted]).

2. Summary judgment motion. Once again, the defendants' brief fails to meaningfully address the merits of their claims, and thus their claims "do not rise to [the] level of appellate argument and need not be considered." Halstrom v. Dube, 481

6

Mass. 480, 483 n.8 (2019). Furthermore, the defendants failed to challenge the Commonwealth's motion for summary judgment in writing or during the hearing. The Commonwealth filed its motion and related materials on February 17, 2022. Following that filing, the defendants filed a motion to stay on March 29, 2022, and filed a "response" to the judge's denial of that motion on March 30, 2022. A review of the docket confirms that the defendants failed to file any written opposition to the Commonwealth's motion. They also failed to file a Mass. R. Civ. P. 56 (f), 365 Mass. 824 (1974), affidavit explaining why they could not oppose the motion. See Aronson v. Commonwealth, 401 Mass. 244, 254-255 (1987). This failure is fatal to the defendants' claim. See Baker v. Monga, 32 Mass. App. Ct. 450, 453 (1992). A similar review of the transcript supports the conclusion that the defendants did not oppose the motion, electing instead to revisit prior discovery-related rulings. With no opposition, the facts as alleged by the Commonwealth were undisputed, and applying the law to those facts, we conclude that the motion for summary judgment was properly granted. See Costa v. Fall River Hous. Auth., 453 Mass. 614, 619 (2009) (decision "will be upheld if the trial judge ruled on

7

undisputed material facts and [her] ruling was correct as a matter of law" [citation omitted]).[7]

Judgment affirmed.

By the Court (Meade, Blake & Desmond, JJ.[8]),

Assistant Clerk

Entered:  February 15, 2024.

---

[7] "To the extent that we have not specifically addressed other points made . . . in [the defendants'] brief, they 'have not been overlooked.  We find nothing in them that requires discussion.'"  Commonwealth v. Brown, 479 Mass. 163, 168 n.3 (2018), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[8] The panelists are listed in order of seniority.