NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-315

EMBER PIZZA, INC., & another[1]

vs.

TOWN OF HARWICH & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In these consolidated appeals, the plaintiffs, Ember Pizza,

Inc. (Ember), and The Port Restaurant and Bar, Inc. (The

Port)(collectively, restaurants), appeal from the denial of

their request for a preliminary injunction and from judgment on

the pleadings entered in favor of the defendants town of Harwich

and the board of selectmen of Harwich (board).  The restaurants

brought these actions in the nature of certiorari seeking review

of the board's imposition of a restriction on the restaurants'

---

[1] The Port Restaurant and Bar, Inc.

[2] Members of the board of selectmen of Harwich and the local licensing authority for the town of Harwich.  Also named as "nominal respondents" are the alcoholic beverages control commission and the State Ethics Commission.

2021 entertainment licenses, the denial of The Port's renewed request for temporary expanded outdoor dining, and a three-day suspension of The Port's 2021 alcohol license. The Superior Court judge allowed the defendants' motion for judgment on the pleadings because the restaurants' claims are either moot or not ripe. We affirm.

Background. We take the background facts from the summary in the judge's decision, supplemented by undisputed facts from the record. Ember and The Port are restaurants located in Harwich Port. For a number of years the board issued entertainment licenses to both restaurants pursuant to G. L. c. 140, § 183A. Those licenses permitted the restaurants to play acoustic and amplified music indoors and outdoors at certain times. The restaurants held seasonal liquor licenses granted by the board and approved by the alcoholic beverages control commission (ABCC or commission). In 2020, the board also granted permission to the restaurants to expand outdoor dining seating on their premises first under special authorization from the Governor's COVID-19 Order No. 35, § 4, and again under COVID-19 Order No. 50, § 1.

In June 2019, following increased noise complaints, the board found that, on seven occasions in 2019, Ember violated the town's noise bylaw and the conditions of its entertainment licenses, warranting a seven-day suspension of Ember's then-

2

existing 2020 entertainment license.  In addition, in May 2020, both restaurants were cited for violations of the Governor's COVID-19 phased reopening restrictions.  In July 2020, ABCC investigators cited The Port for two additional violations of the COVID-19 restrictions.  After a disciplinary hearing that began in August 2020 and was continued to February 2021, the board found that three violations of the COVID-19 restrictions were valid as to The Port and one violation of the COVID-19 restrictions was valid as to Ember, but took no immediate action to impose discipline in connection with these violations.

Before the board concluded its hearing on the restaurants' violations of the COVID-19 phased reopening restrictions, the restaurants filed applications to renew their entertainment licenses for the year 2021.  The board took no action on these applications until March 11, 2021, when it noticed a public hearing to be held on March 22 to consider the restaurants' entertainment and liquor licenses as well as any potential response to the violations of the COVID-19 restrictions.

Meanwhile, on March 19, 2021, the restaurants filed a lawsuit in the United States District Court for the District of Massachusetts claiming that multiple defendants, including the town of Harwich, the town administrator, and the members of the board individually, violated the restaurants' rights under the First and Fourteenth Amendments because the town's noise bylaw

3

is overly broad and impermissibly vague and because the town delayed the renewal of their entertainment and liquor licenses. See 3137, LLC v. Harwich, U.S. Dist. Ct. No. 21-cv-10473-DJC, slip op. at *4-6 (D. Mass. Jan. 28, 2022) (Harwich I). Because this lawsuit created potential conflicts of interest for the members of the board who were named as defendants, the hearing on the restaurants' entertainment and liquor licenses was continued until April 26, 2021.

Before the hearing resumed, the restaurants filed a complaint for certiorari pursuant to G. L. c. 249, § 4, in the Superior Court for Barnstable County. The complaint sought review of the board's failure to act on the restaurants' entertainment license applications and requested an order and injunction directing the board to issue them.

After the members of the board invoked the "rule of necessity" to participate in the public hearings in light of the potential conflict of interest, the board held hearings on the restaurants' request to renew their entertainment licenses between April 26 and May 12, 2021. Ultimately, the board voted to issue the restaurants' entertainment licenses permitting only acoustic, not amplified, music. The board also voted to renew the restaurants' alcohol licenses subject to the same conditions in place in 2020, but imposed a three-day suspension of The Port's alcohol license for the violations of the COVID-19

4

restrictions. At a separate meeting on April 27, 2021, the board voted to renew Ember's, but not The Port's, request for temporary expanded outdoor dining under the Governor's COVID-19 Order No. 50.

On June 25, 2021, the restaurants filed a third lawsuit, this time in the Superior Court for Suffolk County. This complaint sought orders and injunctions invalidating the condition placed on the 2021 entertainment licenses prohibiting amplified music, the three-day suspension of The Port's alcohol license, and the denial of The Port's outdoor dining permit. The next month, the restaurants filed a motion for injunctive relief also in Suffolk County. Following a hearing, the judge denied the motion, concluded that the restaurants had tried "to establish venue in Suffolk County to allow for forum shopping," and transferred the matter to the Superior Court for Barnstable County. The denial of the restaurants' motion for a preliminary injunction is the subject of the first appeal before us.

The restaurants then filed a motion to add additional evidence to the administrative record. That motion was denied by the judge, and the restaurants' sought interlocutory review of that decision. A single justice of this court held that the judge had not committed an abuse of discretion or error of law and denied the restaurants' request for relief. The restaurants moved for partial judgment on the pleadings, requesting that the

5

board's entertainment license, temporary outdoor permit, and alcohol license renewal decisions be invalidated, and that the individual board members be found to have violated the conflict of interest law.  The defendants cross-moved for judgment on the pleadings, arguing that the entertainment license claims were moot and the outdoor dining permit decision was supported by substantial evidence.  The judge allowed the defendants' motion for judgment on the pleadings and dismissed the case.  That decision is the subject of the restaurants' second appeal.[3]

Discussion.  1.  Denial of the motion for preliminary injunction.  The restaurants' appeal from the denial of their motion for a preliminary injunction must be dismissed as moot. It is well settled that because the purpose of a preliminary injunction is to preserve the status quo pending the outcome of a trial court proceeding, Doe v. Superintendent of Schools of Weston, 461 Mass. 159, 164 (2011), entry of final judgment moots an appeal from an earlier grant or denial of preliminary relief. See Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of the

_____

[3] As to the complaint the restaurants filed in Federal court in March 2021, the judge granted the Town defendants' motion to dismiss, Harwich (I), U.S. Dist. Ct. No. 21-cv-10473-DJC, slip op. at *10,  and ultimately allowed a judgment on the pleadings that led to the dismissal of the restaurants' claims.  3137, LLC v. Harwich, U.S. Dist. Ct. No. 21-cv-10473-DJC, slip op. at *8 (D. Mass. March 15, 2023) (Harwich II).  The Federal judge concluded the restaurants could not make out a claim that their constitutional rights had been violated.  Id. at *4-7.

Dep't of Mental Retardation (No. 2), 424 Mass. 471, 472 (1997). Here, a final judgment was entered on the defendants' motion for judgment on the pleadings. Accordingly, the restaurants' appeal from the earlier denial of their motion for a preliminary injunction is moot.

2. Judgment for defendants on the pleadings. "We review de novo a judge's order allowing a motion for judgment on the pleadings under Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974)." Merriam v. Demoulas Super Mkts., Inc., 464 Mass. 721, 726 (2013), citing Wheatley v. Massachusetts Insurers Insolvency Fund, 456 Mass. 594, 600 (2010).

The decisions of the board in April and May 2021 resulted in a restriction on the restaurants' 2021 entertainment licenses, the denial of The Port's renewed request for temporary expanded outdoor dining, and a three-day suspension of The Port's 2021 alcohol license. The restaurants contend that the judge erred in denying their motion to add evidence to the administrative record; the restriction on their entertainment licenses permitting only acoustic music violated G. L. c. 140, § 183A, and their constitutional rights; and the members of the board wrongfully invoked the rule of necessity when they made determinations about the entertainment licenses and The Port's temporary expanded outdoor dining permit. We decline to address

7

those arguments, however, because we conclude that the judge properly dismissed the restaurants' claims as moot or not ripe.

Pursuant to G. L. c. 140, § 183A, the board is the designated authority responsible for issuing entertainment licenses in Harwich.  Licenses issued under that statute expire "on December thirty-first of each year."  G. L. c. 140, § 183A.  While the restaurants contend that they were entitled to prima facie or presumptive renewal of their entertainment licenses, neither the statute nor applicable case law supports that contention.  As the judge noted, there is "no statutory or regulatory entitlement to the presumptive reissuance or renewal of an existing entertainment license in the following year."  While the liquor license statute contemplates that some licenses "shall be automatically renewed," G. L. c. 138, § 16A, no such language is set forth in G. L. c. 140, § 183A.  Accordingly, even if the denial of an entertainment license in prior years was somehow improper, no live issue is presented when the claim is heard after that license has expired.  See D.H.L. Assocs., Inc. v. Selectmen of Tyngsborough, 64 Mass. App. Ct. 254, 258-259 (2005).  See also Highland Tap of Boston, Inc. v. Commissioner of Consumer Affairs & Licensing of Boston, 33 Mass. App. Ct. 559, 566 (1992) (passage of time rendered moot claims concerning entertainment licenses issued in previous years).  The restaurants' claims regarding the 2021 entertainment

8

licenses were therefore moot at the time of the judge's decision in September 2022.

The judge also observed that The Port's claims pertaining to expanded outdoor dining permission were likely moot. Although the judge went on to engage in a thorough analysis of the merits, we agree with the judge that the claims are moot. The board granted permission to the restaurants to expand outdoor dining on their premises under emergency orders from the Governor that allowed municipalities to deviate from existing permit and licensing requirements and give permission for expanded outdoor dining. The Port specifically challenges the denial of its request to renew its expanded outdoor dining permit under COVID-19 Order No. 50, but COVID-19 Order No. 50 terminated sixty days after the COVID-19 state of emergency order was rescinded, which occurred on June 15, 2021. See Governor's COVID-19 Order No. 69, § 3. As with the entertainment license claims, claims arising from the denial of a license or permit for expanded outdoor dining based on rescinded emergency orders are now moot.

Furthermore, we are not persuaded by the restaurants' argument that a different result is required by eVineyard Retail Sales-Mass., Inc. v. Alcoholic Beverages Control Comm'n, 450 Mass. 825 (2008). In that case, the Supreme Judicial Court ruled that the ABCC's appeal of a Superior Court judge's

9

decision that vacated the commission's suspension of a subsequently expired license was not moot because the commission could "proceed to suspend a licensee's current license based on an offense committed by it under its prior license."  Id. at 830.  That decision is inapposite here, where the appeal is brought by licensees, not a licensing authority, and the restaurants do not challenge the suspension of any licenses in effect but rather only the board's decisions regarding licenses that expired years ago.

The restaurants also argue that the "public interest" exception to the mootness doctrine required the judge to address their claims on the merits.  We disagree.  It is true that

> "even where an issue is moot, appellate review may be appropriate where the issue is one of public importance and was fully argued on both sides; where the question is certain, or at least very likely, to arise again in similar factual circumstances; and where appellate review could not be obtained before the recurring question would again be moot."

DiMasi v. Secretary of the Commonwealth, 491 Mass. 186, 190 (2023), citing Lockhart v. Attorney Gen., 390 Mass. 780, 783 (1984).  Here, the facts of this case are unlikely to arise again where the now-terminated emergency orders, regulations, and statutes issued in response to the COVID-19 pandemic played a critical role in many of the factual circumstances relevant to the restaurants' entertainment license and outdoor dining permit claims.  See Lynn v. Murrell, 489 Mass. 579, 583 (2022).  Even

10

if a similar issue were to arise again in the future, review could likely be obtained in a more timely fashion, given that the restaurants delayed the resolution of this litigation by, among other things, taking several months to serve their complaint on the defendants, unsuccessfully moving to expand the administrative record, and obtaining a forty-five day extension of time to file their motion for judgment on the pleadings.  As "the controversy . . . need not evade review if parties show even minimal resoluteness in carrying on litigation," Blake v. Massachusetts Parole Bd., 369 Mass. 701, 708 (1976), the judge did not err in concluding that the restaurants' claims are moot. See Ott v. Boston Edison Co., 413 Mass. 680, 684 (1992).

Although it is unclear from the restaurants' briefs whether they are also appealing from the judge's decision with respect to the three-day suspension of The Port's liquor license, we agree with the judge in any event that those claims are not ripe for review.  A certiorari challenge of a local licensing authority's suspension of an alcohol sales license is premature if there has been no administrative appeal under G. L. c. 138, § 67 or no decision from the ABCC has been received.  See Carney v. Springfield, 403 Mass. 604, 605 (1988) ("[A certiorari action] lies only where the petitioner has exhausted all administrative remedies").  At the time of the judge's decision, The Port was in the process of appealing the suspension of its

11

liquor license to the ABCC, and no decision from the ABCC had issued. Because The Port had not exhausted its administrative remedies, the judge properly allowed the defendants' cross motion for judgment on the pleadings on those claims.

Conclusion. The restaurants' appeal from the denial of their motion for a preliminary injunction is dismissed as moot. The judgment dismissing the complaint is affirmed.[4]

So ordered.

By the Court (Vuono, Shin & Toone, JJ.[5]),

Assistant Clerk

Entered: May 20, 2024.

---

[4] The restaurants' request for an award of attorney's fees and costs in connection with this appeal is denied. The defendants' request for attorney's fees and costs is also denied.

[5] The panelists are listed in order of seniority.