NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-94

GUARDIANSHIP OF TAL (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The mother appeals from orders of a judge of the Probate and Family Court denying her motion for leave to file a complaint for contempt.  We affirm in part, vacate in part, and remand for further proceedings.

Background.  In December 2021, the mother's parents (grandparents) filed petitions for guardianship of the mother's minor children.  The petitions alleged that the mother was unfit to exercise her parental rights because she suffered from mental health and substance use disorders.[2]  The judge appointed the

_____

[1] Guardianship of Abigail.  The children's names are pseudonyms.

[2] The petitions referred to "drug addiction issues."  Because of stigma associated with such language, it is not preferred.  See Supreme Judicial Court, Standards on Substance Use Disorders and Mental Health Conditions, Definitions, at 6 (Oct. 10, 2023); National Institute on Drug Abuse, Words Matter:

grandmother as temporary guardian of the children in January 2022.

After the mother learned that the grandparents had taken deoxyribonucleic acid (DNA) samples from the children without her permission or court authorization, she filed a motion in June 2022 to enjoin the grandparents from, among other things, obtaining and disseminating the children's DNA results and birth records.[3]  Following a hearing on July 7, 2022, the judge issued a written order stating that "the parties will not communicate information derived from birth records and/or DNA testing outside the litigation and not communicate to children."[4]  In August 2022, the parties entered into a stipulation to provide for parenting time between the mother and the children.  Upon a motion by the grandmother, the judge dismissed the petitions for guardianship on January 9, 2023, effectively closing the cases.

_____

Terms to Use and Avoid When Talking About Addiction, at 2 (June 21, 2021).

[3] The judge issued orders authorizing the grandparents to obtain the birth certificate records of the children to facilitate enrollment in school.

[4] The handwritten written order also provides that "No further use or analysis will be made from DNA or results.  Counsel will retain all copies of results.  Copy will [be] provided mother's counsel."  That written order does not appear to have been docketed.  Regardless, the judge also stated her order orally at the July 7, 2022 hearing, and the grandparents properly conceded at oral argument that they were bound by that oral order.

Almost one year after the matter was dismissed, the mother filed a motion for leave to file a complaint for contempt against the grandparents alleging they had violated the July 7, 2022 order. The judge denied the motion, concluding that there was no order in effect because the guardianship cases had been dismissed, and thus there could be no finding of contempt.

Discussion. The judge did not abuse her discretion in concluding that the mother could not file a contempt complaint after the cases had been dismissed on January 9, 2023. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). A preliminary injunction does not survive the entry of a final judgment. See Carlson v. Lawrence H. Oppenheim Co., 334 Mass. 462, 466 (1956) (finding of contempt reversed because preliminary injunction preventing foreclosure sale was no longer in force after entry of final decree). See also Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of the Dep't of Mental Retardation (No. 2), 424 Mass. 471, 472 (1997).

Here, there is no indication that the judge's order was permanent. First, the order was issued before the judge reached the merits of the cases.[5] See Thayer Co. v. Binnall, 326 Mass.

_____

[5] At the hearing the judge specifically said that "at first blush, and I know we'll have a chance to develop this, perhaps at a trial, I am telling you right now I am not happy with [the grandparents' conduct in obtaining DNA and birth records] at all." Indeed, were the order to have survived the dismissal, it would have prohibited the mother from sharing information about

3

467, 479 (1950) (purpose of preliminary injunction is to maintain status quo until merits can be determined). Second, the decree of dismissal makes no mention of the order. See Lowell Bar Ass'n v. Loeb, 315 Mass. 176, 189 (1943) ("When a final decree is entered, a preliminary injunction has served its purpose. If the plaintiff is then deemed entitled to an injunction, the final decree can provide it"). Because the order was not permanent and therefore expired upon dismissal of the cases, the mother could not file a complaint for contempt against the grandparents after January 9, 2023.[6]

This does not end the appeal, however. The mother argued in her brief and clarified at oral argument that she had tried to file a contempt complaint prior to dismissal of the cases but was unable to do so because of a gatekeeper order.[7] She alleges at least two violations of the order (while the case was still

_____

the circumstances of their conception and birth with the children, which would have been an overreach in the circumstances.

[6] Nothing in our decision today prevents the mother from seeking other legal remedies for the grandparents' disclosure of information they learned from the DNA testing or birth records of the children.

[7] Although the Probate and Family Court docket does not reflect that a gatekeeper order entered, and our appellate record contains no such order, the parties agree that there was a gatekeeper order. We proceed assuming there was such an order.

4

ongoing):  at extended family gatherings in October and December 2022.  If the mother did attempt to file complaints for contempt during the pendency of the cases, it was an abuse of discretion not to permit those complaints to be filed.  See Town of Uxbridge v. Griff, 68 Mass. App. Ct. 174, 179 (2007) (finding of civil contempt affirmed where party filed complaint after trial but before final judgment).

Because it is unclear from the record if and when the mother attempted to file a complaint for contempt prior to the dismissal of the cases, we must remand for reconsideration of that issue.  If she did attempt to file a contempt complaint before January 9, 2023, then the merits of any such complaint for contempt should be considered.[8]

To the extent the February 29, 2024 orders barred the mother from filing a complaint for contempt that she attempted to file between July 7, 2022, and January 9, 2023, for conduct that occurred within that same time period, the orders are vacated, and the matter is remanded for proceedings consistent

---

[8] We express no opinion on the merits of any such complaint.

5

with this opinion.  In all other respects, the orders are affirmed.

<u>So ordered</u>.

By the Court (Blake, C.J., Henry & Hershfang, JJ.[9]),

*Paul Little*

Clerk

Entered:  November 21, 2025.

---

[9] The panelists are listed in order of seniority.