NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-106

KEHINDE OLATUNJI ADEDEJI

vs.

AUDITOR OF THE COMMONWEALTH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Kehinde Adedeji, filed a pro se complaint in the Superior Court against his former employer, the Auditor of the Commonwealth.  He sought reinstatement, lost wages, and damages.  After filing the complaint, the plaintiff filed an emergency motion for relief, which a judge treated as a motion for a preliminary injunction and denied.  Nearly two months later, the plaintiff filed a notice of appeal from that order. Thereafter, the judge allowed the defendant's motion to dismiss the complaint, and the plaintiff filed a notice of appeal from that judgment.  We dismiss the appeal from the order denying preliminary injunction and affirm the judgment dismissing the complaint.

Our review of the docket entries shows that the plaintiff did not preserve his appeal from the denial of the preliminary injunction. An appeal from the denial of a preliminary injunction "shall be taken within thirty days of the date of the entry of the interlocutory order." G. L. c. 231, § 118, second par. The order denying an injunction entered on November 20, 2024, and more than forty days later, on January 2, 2025, the plaintiff filed a notice of appeal. Because the appeal period set by G. L. c. 231, § 118, second par., cannot be enlarged by court action and establishes a "jurisdictional prerequisite to our authority to consider" the claim that is now being raised, DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 169-170 (2018), we lack jurisdiction to consider an appeal from the denial of the preliminary injunction. The plaintiff's pro se status provides no procedural advantage because he is held to the same standards as represented parties. Mains v. Commonwealth, 433 Mass. 30, 35-36 (2000). We also note that the judgment dismissing the complaint rendered this claim moot. See Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of Dep't of Mental Retardation, 424 Mass. 471, 472 (1997) ("preliminary injunction lapses when a final decree is entered" and renders appeal moot). Therefore, we must dismiss the appeal from the order denying preliminary injunction.

2

Turning to the appeal from the judgment dismissing the complaint, we affirm. As a preliminary matter, we note that the plaintiff's brief does not include any legal authority to support his arguments and does not contain any citations to the record. Such bare "[a]ssertions of error that lack legal citation do not rise to the level of appellate argument and will not be reviewed by this court." Adoption of Zak, 90 Mass. App. Ct. 840, 842 n.4 (2017). See Gaffney v. Contributory Retirement Appeal Bd., 423 Mass. 1, 6 n.4 (1996) ("Conclusory statements in a brief do not rise to the level of appellate argument"); Mass. R. A. P. 16 (a) (6)-(7), (9) (A)-(B), (e), as appearing in 481 Mass. 1628 (2019). Time-tested appellate rules of procedure are "more than a mere technicality" (quotation and citation omitted). Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995). Parties to an appeal have a "duty . . . to assist the court with argument and appropriate citation" to legal and factual authorities supporting their claims. Lolos v. Berlin, 338 Mass. 10, 14 (1958). This duty is not discharged by simply asserting an error and electronically filing documents that were previously filed in the trial court.

Even the most generous view of the plaintiff's submissions does not countenance a basis for appellate relief. We apply de novo review to the granting of a motion to dismiss, accept as true all well-pleaded facts in the complaint, and draw all

reasonable inferences in the plaintiff's favor.  Lanier v.
President & Fellows of Harvard College, 490 Mass. 37, 43 (2022).
To survive a motion to dismiss, a complaint cannot rely on
speculation, labels, and conclusions, and must set forth factual
allegations that plausibly suggest an entitlement to relief.
See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008);
Mass. R. Civ. P. 8 (a) (1), 365 Mass. 749 (1974) (complaint must
contain "short and plain statement of the claim showing that the
pleader is entitled to relief").  The allegations in the
complaint here consisted of two handwritten sentences that
alleged the plaintiff was forced to resign due to lies, slander,
defamation, discrimination, and hate.  The factual bases for
these assorted grievances are not further described, fitting the
assertions squarely within the inadequate categories of
speculation, labels, and conclusions, such that the complaint
does not set forth "factual allegations" plausibly suggesting an
entitlement to relief (quotation omitted).  Iannacchino, supra
at 636.  The bare assertions of grievances also fail to provide
"fair notice of the claim" to the defendant, Bank v. Thermo
Elemental Inc., 451 Mass. 638, 665 (2008), and fail to state a
cognizable claim for "a violation of a legal right which belongs

4

to the plaintiff."  Donnelly v. Suffolk Univ., 3 Mass. App. Ct. 788, 788 (1975), cert. denied, 425 Mass. 955 (1976). Accordingly, the judge properly dismissed the complaint.

Appeal from order denying
  preliminary injunction
  dismissed.

Judgment dismissing complaint
  affirmed.

By the Court (Hershfang,
  Hodgens & Smyth, JJ.[1]),

Clerk

Entered:  December 11, 2025.

---

[1] The panelists are listed in order of seniority.